UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CR-77 |
| ) | (PHILLIPS/SHIRLEY) |
| JUSTIN LYNN, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). This case is presently before the Court on the Defendant's Motion to Review Appointment of Counsel [Doc. 15], filed on November 30, 2009. The parties appeared before the undersigned on December 16, 2009, for a hearing on the motion. Assistant United States Attorney Cynthia Davidson appeared on behalf of the Government. Attorney Paula Voss and Attorney Jennifer McKinnish, appointed counsel for the Defendant, were both present, as was the Defendant. Attorney Jonathan Wood was also present.

The Motion to Review Appointment of Counsel asks the Court to appoint new counsel for the Defendant to replace Attorney Voss and Attorney McKinnish. At the hearing, Attorney Voss explained that although there was no trouble communicating within the attorney-client relationship, she believed that the Defendant had serious doubts about the advice provided by herself and Attorney McKinnish. The Defendant himself stated that he had no confidence in the representation provided by Attorney Voss and Attorney McKinnish. The Defendant explained that he believed that he was not guilty of one of the charged offenses to which he entered a guilty plea on September 9, 2009. The Defendant now wishes to withdraw his guilty plea and he has filed a *pro se* motion

seeking to effect that withdrawal [Doc. 14]. The Defendant alleged that he entered his plea reluctantly pursuant to advice and encouragement from defense counsel. Because the Defendant now seeks to withdraw his plea, he also seeks new counsel going forward. The Government opposed the Defendant's motion on the grounds that defense counsel is competent and the Defendant is not entitled to appointment of his choice of counsel.

The rule in this Circuit is that a defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). Based upon the statements of Attorney Voss and the Defendant, the Court finds that the trust vital to the attorney-client relationship between Attorneys Voss and McKinnish and the Defendant is irreparably and irretrievably broken. Further, the Court notes the possibility that Attorney Voss and Attorney McKinnish may be called upon to testify before the District Court concerning their representation of the Defendant should the voluntariness of the Defendant's guilty plea become an issue in this case. In that circumstance, the potential for the development of an actual conflict of interest would warrant substitution of defense counsel. Because the Defendant's *pro se* motion to withdraw his guilty plea is pending, appointment of new counsel at this juncture removes the potential for development of an actual conflict of interest later.

Accordingly, after carefully considering the positions of the Defendant, defense counsel, and the Government, the Court concludes that the Defendant's motion is well-taken and that good cause exists to substitute new counsel for Attorney Voss and Attorney McKinnish. The Defendant's Motion to Review Appointment of Counsel **[Doc. 15]** is **GRANTED**, and Attorney Voss and Attorney McKinnish are relieved as appointed counsel for the Defendant.

The Court recognizes the need for the Defendant to be continuously represented by counsel. At the hearing, Attorney Jonathan Wood agreed to undertake representation of the Defendant. The Court therefore and hereby substitutes and appoints Attorney Wood under the Criminal Justice Act (CJA) as counsel of record for the Defendant. Because the Defendant's pending motion to withdraw his guilty plea was filed *pro se* in violation of this Court's Local Rule 83.4(c), the Court **ORDERS** Attorney Wood to review the merits of the Defendant's *pro se* motion and to advise the Defendant to withdraw the motion so that its arguments may be either abandoned or re-advanced in a properly filed formal motion. Attorney Wood shall contact the chambers of the Honorable Thomas W. Phillips, United States District Judge, as soon as possible to report the Defendant's decision about whether a formal motion to withdraw his guilty plea will be filed.

It is **ORDERED**:

(1) The Defendant's Motion to Review Appointment of Counsel **[Doc. 15]** is **GRANTED**;

(2) Attorney Paula Voss and Attorney Jennifer McKinnish are relieved as appointed counsel for the Defendant and Attorney Jonathan Wood is substituted as the Defendant's counsel of record under the CJA;

(3) Attorney Wood shall advise the Defendant to withdraw his *pro se* motion [Doc. 14] and shall evaluate whether a formal motion to withdraw the Defendant's guilty plea is warranted; and

(4) Attorney Wood shall contact the chambers of the Honorable Thomas W. Phillips, United States District Judge, as soon as possible to report the Defendant's decision about whether a formal motion to withdraw his guilty plea will be filed so that a briefing schedule may be established.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge