UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JUSTIN WADE LYNN, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:15-CV-571-TWP |
| | ) | | 3:09-CR-77-TWP-CCS-1 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 38]. He bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague [*Id.*]. The United States responded in opposition on February 24, 2016 [Doc. 40]. For the reasons discussed below, the petition [Doc. 38] will be **DISMISSED** as untimely.

## I.     BACKGROUND

Petitioner pled guilty in 2009 to possessing with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 1; Doc. 13 ¶¶ 1, 4]. He faced statutory penalty ranges of up to twenty years' imprisonment for the drug offense and up to ten years' imprisonment for the § 922(g) offense [Presentence Investigation Report ("PSR") ¶ 80]. Petitioner also faced a mandatory consecutive penalty of five years up to life imprisonment for the § 924(c) offense [*Id.*]. The United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines [*Id.* ¶ 32], based on prior Tennessee convictions for

aggravated burglary [*Id.* ¶ 44] and evading arrest [*Id.* ¶ 51], thereby subjecting Petitioner to an effective advisory Guideline range of 262 to 327 months' imprisonment [*Id.* ¶ 81]. The Court sentenced Petitioner to a bottom-of-the-range 262-month term of incarceration [Doc. 28].

Petitioner appealed and, on October 19, 2011, the Sixth Circuit affirmed the judgment of this Court [Doc. 35]. Petitioner chose not to seek a writ of certiorari from the United States Supreme Court and, as a result, his conviction became final for purposes of § 2255(f)(1) on January 17, 2012. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (explaining that a conviction affirmed on appeal becomes final when the period for seeking a writ of certiorari expires); Sup. Ct. R. 13 (providing 90-day period for requesting a writ of certiorari, running from the date on which the Court of Appeal decision is issued). On December 21, 2015, Petitioner filed the current § 2255 motion in an attempt to extend the Supreme Court's holding in *Johnson* to invalidate the residual clause found in Section 4B1.2(a) of the Sentencing Guidelines [Doc. 38 (arguing the Court's reasoning applies equally to the residual clause found in Section 4B1.2 and, without that provision, he can no longer be classified as a career offender)].[1]

---

[1] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual §4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA.

2

## II. TIMELINESS OF PETITIONER'S REQUEST

Section 2255(f) provides that the one-year statute of limitations applicable to collateral challenges runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review;" or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). Petitioner's one-year period for requesting relief under subsection (f)(1) expired on January 17, 2013, nearly two years before submission of the instant § 2255 motion. As such, viability of the petition hinges on whether the basis for relief contained therein triggers subsection (f)(3)'s renewed window for requesting relief. In other words, timeliness of Petitioner's § 2255 motion depends on whether (1) the Supreme Court decision on which he relies amounted to recognition of a new right and (2) that right has been made retroactively applicable to cases on collateral review. The Court finds it need not address the first prong—whether *Johnson*'s holding extends to Section 4B1.2 of the

---

*See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

*Johnson*'s effect on §4B1.2(a)'s residual clause is doubtful. *See United States v. Smith*, 73 F.3d 1414, 1417–18 (6th Cir. 1996) ("[T]he Sentencing Guidelines are not subject to a vagueness challenge."); *see also United States v. Matchett*, 802 F.3d 1185, 1196 (11th Cir. 2015) ("No circuit has held in a published opinion that advisory guidelines can be unconstitutionally vague."). Regardless, the Court need not resolve the issue because, as explained below, the Supreme Court has not made *Johnson*'s holding retroactively applicable in the context of a challenge to the residual clause of §4B1.2(a).

3

Guidelines, thereby giving rise to a new right—because Petitioner has failed to establish that the proposed rule has been "made" retroactively applicable to cases on collateral review.

The United States Supreme Court explained in *Tyler v. Cain* that under 28 U.S.C. § 2244(b)(2)(A)—the state-prisoner corollary of § 2255(h)(2)—"'made' means 'held'" and, thus, a new rule or right is only "made" retroactive when the Supreme Court itself holds "that the new rule is retroactively applicable to cases on collateral review." 533 U.S. 656, 662 (2001). In her concurring opinion in *Tyler*, Justice O'Conner recognized that there were two ways in which the Court can make a rule retroactive: (1) by expressly stating that the new rule has such effect; or (2) "through multiple holdings that logically dictate the [same conclusion]." *Tyler*, 533 U.S. at 668 (O'Conner, J., concurring).[2] In an attempt to illustrate the second scenario, she explains a holding in "Case One that a particular type of rule applies retroactively" combined with a second holding in "Case Two that a given rule is of that particular type" necessarily means that the rule so referenced applies retroactively because the Court has "'made' the given rule retroactive" through existing case law "'dictat[ing]' th[at] conclusion." *See id.* at 668–69 (noting the Court only makes "a rule retroactive . . . where [its] holdings logically permit no other conclusion than that the rule is retroactive.").

In *Schriro v. Summerlin*, 542 U.S. 348 (2004), the Supreme Court summarized the various ways in which new rules affect cases, explaining that newly announced rules only apply retroactively in limited situations. *Id.* at 351–52.

---

[2] While Justice Thomas delivered the opinion of the Court, Justice O'Conner's concurrence represents the narrowest ground of agreement by a majority of the Justices, and thus, "the holding of the Court." *Marks v. United States*, 430 U.S. 188, 193 (1977) (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976)).

4

New substantive rules generally apply retroactively. *Id.* There are two types of new substantive rules: (1) decisions that narrow the scope of a criminal statute by interpreting its terms, *see Bousley*, 523 U.S. at 620–21 (finding narrower interpretation of 18 U.S.C. § 924(c)(1)'s "use" prong amounted to new substantive rule retroactively applicable on collateral review because holding that a criminal statute does not reach certain conduct necessarily places previously-convicted defendants at risk of being punished for "an act that the law does not make criminal"), and (2) constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish, *Teague v. Lane*, 489 U.S. 288, 311 (1989); *see also Schriro*, 542 U.S. at 352–53 (articulating the above categories of new substantive rule); *Jones*, 689 F.3d at 624 (same). Examples of the latter category include rules that place a class of private conduct beyond the power of the state to proscribe, *see, e.g.*, *Lawrence v. Texas*, 539 U.S. 558, 578 (2003) (holding Fourteenth Amendment forbids states from making illegal private, homosexual sodomy between consenting adults); *Texas v. Johnson*, 491 U.S. 397, 414 (1989) (holding the First Amendment forbids states from punishing an individual for burning the American flag in protest), and rules that prohibit a certain category of punishment for a class of defendants because of their status or offense, *see, e.g.*, *Atkins v. Virginia*, 536 U.S. 304, 321 (2002) (holding the Eighth Amendment forbids states from "tak[ing] the life of a mentally retarded offender"). All three forms of substantive rule—the first category recognized in *Bousley* and both subcategories of the class recognized in *Teague*—"apply retroactively because they 'necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make a crime' or faces a punishment that the law cannot impose upon him." *Schriro*, 542 U.S. at 353 (quoting *Bousley*, 523 U.S. at 620).

By contrast, new procedural rules generally do not apply retroactively. *Id.* Procedural rules are defined as those rules that "regulate only the manner of determining the defendant's culpability." *Id.* at 351. Unlike substantive rules, which produce a class of persons subject to punishment the law does not condone, procedural rules "merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted." *Id.* "Because of this more speculative connection to innocence, [the Supreme Court has given] retroactive effect to only a small set of 'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* (quoting *Saffle v. Parks*, 494 U.S. 484, 495 (1990)). "The only example of such a watershed rule ever [recognized] . . . is the right to counsel, as set forth in *Gideon*." *Fulcher v. Motley*, 444 F.3d 791, 815 (6th Cir. 2006).

The Sixth Circuit has confirmed that the Supreme Court's holding in *Johnson* sets forth a new substantive rule to the extent that it narrows the scope of the ACCA because it "prohibits the imposition of [§ 924(e)'s 15-year statutory minimum] on those defendants whose status as armed career criminals is dependent on offenses that fall within the residual clause." *In Re Watkins*, 810 F.3d 375, 383 (6th Cir. 2015). In other words, "*Johnson* 'narrowed the class of people who are eligible for' an increased sentence under the Armed Career Criminal Act." *In re Rivero*, 797 F.3d 986, 989 (11th Cir. 2015) (quoting *Bryant v. Warden FCC Coleman-Medium*, 738 F.3d 1253, 1278 (11th Cir. 2013)). The same cannot be said about *Johnson*'s proposed impact on the class of people who are eligible for an enhanced sentence under the Guidelines.

Unlike the ACCA—a statute that shifts the defendant's penalty range and minimum and maximum terms of imprisonment—the Guidelines merely guide the execution of a court's discretion in selecting the appropriate sentence from within an otherwise stagnate range of lawful penalties. *See Mistretta v. United States*, 488 U.S. 361, 396 (1989) (noting that the Guidelines

6

do not usurp "the legislative responsibility for establishing minimum and maximum penalties for every crime," but instead operate "within the broad limits established by Congress"). Any change in a defendant's Guideline range based on *Johnson* would thus work a change in the procedure by which his or her sentence is selected, but it would not change the permissible range of punishments. For example, a defendant who violates 21 U.S.C. § 841(a)(1) is subject to the lawful penalty range set forth in 21 U.S.C. § 841(b)(1)(C)—imprisonment for a term not more than twenty years. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Alterations to that defendant's total offense level—whether by way of leadership enhancement, reduction for acceptance of responsibility, or career offender designation—merely shift his or her advisory range—the procedure used to identify the most appropriate sentence from within a larger range of lawful consequences—without altering the range of penalties condoned by § 841(b)(1)(C) or individuals subject those penalties under § 841(a)(1). As such, the proposed rule cannot be said to narrow the scope of a penal statute or place particular persons beyond the state's power to punish. *Cf. Humphress v. United States*, 543 F.3d 855, 862 (6th Cir. 2005) (finding rule announced in *Booker v. United States*, 543 U.S. 220 (2005)—that Guidelines are merely advisory and not mandatory—is a non-watershed, procedural rule); *Goode v. United States*, 305 F.3d 378, 385 (6th Cir. 2002) (finding rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)—that facts which increases a statutory penalty range must be found by a jury beyond a reasonable doubt—is a non-watershed, procedural rule).

Moreover, the new procedural rule that would result from extending *Johnson*'s holding to the Guidelines would not be "watershed" because erroneously calculating a defendant's advisory Guidelines range does not render the resulting sentence unfair or unreliable in the way that complete deprivation of the right to counsel does for a trial. *Cf. United States v. Cronic*, 466

7

U.S. 648, 659 (1984) (complete denial of counsel at a critical stage renders the trial "unfair," and the "adversary process itself presumptively unreliable"). Nor does the proposed rule alter the bedrock procedural elements essential to the fairness of a sentencing proceeding. *See Panetti v. Stephens*, 727 F.3d 398, 414 (5th Cir. 2013) (explaining rules derived from the application of pre-existing legal principles in a new context do not "effect a sea change in criminal procedure").

In sum, while *Johnson* effected a substantive change in the law by altering the range of lawful sentences under the ACCA, extension of that same decision to the Guidelines would operate only a procedural change on the sentencing process. Because the Supreme Court has not made non-watershed procedural rules retroactively applicable on collateral review, Petitioner cannot rely on the renewed one-year limitations period under § 2255(f)(3). *See, e.g.*, *In re Rivero*, 797 F.3d at 989 (assuming *Johnson* applies to the residual clause of Section 4B1.2(a)(2) and concluding that "no combination of holdings of the Supreme Court 'necessarily dictate'" that the resulting rule should be applied retroactively on collateral review); *In re Gieswein*, 802 F.3d 1143, 1147–48 (10th Cir. 2015) (same). Petitioner's failure to demonstrate that the appended ground equitably tolled § 2255(f)(1), relates back to a timely pleading, or triggered one of the alternative statutory periods found in §§ 2255(f)(2), (3), and (4) leads the Court to conclude that his petition is untimely. Accordingly, the petition [Doc. 38] will be **DISMISSED**.

IV. **CONCLUSION**

For the reasons discussed, Petitioner's § 2255 motion [Doc. 38] will be **DISMISSED** as untimely. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a

certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                               s/ Thomas W. Phillips
                             SENIOR UNITED STATES DISTRICT JUDGE